The Honorable Roy D. Blunt Missouri Secretary of State State Capitol Building, Room 208 Jefferson City, Missouri 65101
Dear Secretary Blunt:
This opinion is in response to your questions asking:
 First, when must the Secretary of State determine and announce that an initiative petition has more than one subject?
 Second, what criteria or standards are there to determine if an initiative petition has multiple subjects?
 Third, should the Secretary of State seek a legal opinion from the Attorney General in determining whether an initiative petition has more than one subject matter?
Along with your questions, you provide the following statement of facts.
 On October 29, 1990 the Missouri Supreme Court issued its majority opinion in Missourians To Protect The Initiative Process vs. Roy D. Blunt, No. 73148, (Mo banc Oct. 29, 1990). That decision clearly imposed a duty upon the Secretary of State to determine if an initiative petition has more than one subject matter. Although this duty was made clear, the decision did not make clear how and when this duty was to be carried out.
 Chapter 116 does not give guidance as to when the Secretary of State would decide an initiative petition has multiple subject matters. It is silent as to how and when that specific judgment would be made.
 The Secretary of State will have to begin accepting initiative petitions in the summer of 1991. By that time, it will be necessary to know the answers to [these questions] to insure the mandate imposed by Missourians To Protect The Initiative Process vs. Roy D. Blunt is carried out.
Chapter 116, RSMo, describes the initiative petition process. Pursuant to the provisions of Chapter 116, the Secretary of State is required to review initiative petitions at two stages of the initiative process.
Before an initiative petition or constitutional amendment petition may be circulated for signatures, a sample sheet must be submitted to the Secretary of State. Section 116.332, RSMo 1986. At this stage, the Secretary of State is required to refer a copy of the petition sheet to the Attorney General. Section 116.332.1, RSMo 1986. "The secretary of state and attorney general must each review the petition for sufficiencyas to form and approve or reject the form of the petition, stating the reasons for rejection, if any." [Emphasis added.]Id. Upon review of comments provided by the Attorney General, the Secretary of State makes "a final decision as to the approval or rejection of the form of the petition." Section116.332.2, RSMo 1986. The form of the petition is set forth in Sections 116.040 and 116.050, RSMo 1986.
If the petition is approved as to form, the Secretary of State prepares "a concise statement not exceeding one hundred words" in the form of a question. Section 116.334, RSMo 1986. This statement is then forwarded to the Attorney General for approval of "the legal content and form of the proposed statement." Id. This statement becomes "the petition title for the measure circulated by the petition and the ballot title if the measure is placed on the ballot." Id.
The second stage of review by the Secretary of State is provided for in Section 116.120, RSMo Supp. 1990, which states in pertinent part:
 116.120. Secretary of state to determine sufficiency of form and compliance — signatures may be verified by random sampling, procedure and requirements. — 1. When an initiative or referendum petition is submitted to the secretary of state, he shall examine the petition to determine whether it complies with the Constitution of Missouri and with this chapter. The secretary of state may verify the signatures on the petition by use of random sampling. The random sample of signatures to be verified shall be drawn in such a manner that every signature filed with the secretary of state shall be given an equal opportunity to be included in the sample. Such a random sampling shall include an examination of five percent of the signatures. [Emphasis added.]
* * *
After completing this review, Section 116.150, RSMo Supp. 1990, requires the Secretary of State to issue a certificate of sufficiency of the petition.
 116.150. Secretary of state to issue certificate of sufficiency of petition — if insufficient, certificate to state reasons. — 1. After the secretary of state makes his determination on the sufficiency of the petition and if he finds it sufficient, he shall issue a certificate setting forth that the petition contains a sufficient number of valid signatures to comply with the Constitution of Missouri and with this chapter.
 2. The secretary of state shall issue a certificate only for a petition approved pursuant to section 116.332. If the secretary of state finds the petition insufficient, he shall issue a certificate stating the reason for the insufficiency.
In Missourians to Protect the Initiative Process v.Blunt, 799 S.W.2d 824 (Mo. banc 1990), the Missouri Supreme Court upheld the circuit court's finding that an initiative proposal failed to comply with the single subject requirement of Article III, Section 50 of the Missouri Constitution. This section provides:
 Section 50. Initiative petitions — signatures required — form and procedure. Initiative petitions proposing amendments to the constitution shall be signed by eight percent of the legal voters in each of two-thirds of the congressional districts in the state, and petitions proposing laws shall be signed by five percent of such voters. Every such petition shall be filed with the secretary of state not less than four months before the election and shall contain an enacting clause and the full text of the measure. Petitions for constitutional amendments shall not contain more than one amended and revised article of this constitution, or one new article which shall not contain more than one subject and matters properly connected therewith, and the enacting clause thereof shall be "Be it resolved by the people of the state of Missouri that the Constitution be amended:". Petitions for laws shall contain not more than one subject which shall be expressed clearly in the title, and the enacting clause thereof shall be "Be it enacted by the people of the state of Missouri:".
The Missouri Supreme Court determined that pursuant to Section 116.120, RSMo,
 the Secretary of State is charged with determining whether the petition "complies with the Constitution of Missouri and with this Chapter." § 116.120.1. If the legislature had only intended that the Secretary of State count signatures, it could have so stated. But the language used mandates a more extensive examination. At minimum, § 116.120.1 requires the Secretary of State to examine the petition to insure that the threshold requirements of article III, § 50 have been met. That necessarily requires the Secretary of State to examine the proposal to insure it does not contain multiple subjects.
Missourians to Protect the Initiative Process v. Blunt,supra, 799 S.W.2d at 828.
In the context of these provisions and the opinion of the Court, we address your specific questions.
 1. When must the Secretary of State determine and announce that an initiative petition has more than one subject?
Because the Court's opinion states that the Secretary of State's examination to insure a proposal does not contain multiple subjects is required by Section 116.120.1, RSMo Supp. 1990, such review should be made at the stage of the initiative process governed by that section. Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Section 116.120, RSMo Supp. 1990, requires the Secretary of State to determine whether a petition complies with the Constitution of Missouri, and this section also provides a method for verifying signatures. Based upon the plain meaning of the language of this section, we believe it refers to a petition submitted to the Secretary of State after signatures have been collected.[1]
Therefore, we conclude that the Secretary of State shall determine whether an initiative petition has more than one subject at the time of review after signatures have been collected, as required by Section 116.120, RSMo Supp. 1990, andMissourians to Protect the Initiative Process v. Blunt,supra.
 2. What criteria or standards are there to determine if an initiative petition has multiple subjects?
In Missourians to Protect the Initiative Process v.Blunt, supra, the Court provides guidance for determining if an initiative petition has multiple subjects.
 In determining whether the proposed constitutional amendment violates the "one subject" rule, there are certain general principles that have been established. A proposal will be liberally and nonrestrictively construed so that provisions connected with or incident to effectuating the central purpose of the proposal will not be treated as separate subjects.
Id., 799 S.W.2d at 830. See also Buchanan v. Kirkpatrick,615 S.W.2d 6, 12-13 (Mo. banc 1981) (an amendment does not violate the "one subject" rule if there is a central purpose to the amendment); Oregon Education Association v. Phillips,302 Or. 87, 727 P.2d 602, 609 (1986) (en banc) (a proposal obviously involves only one subject, for example, when it amends one section of the constitution by repealing it or amends one section to change one specific provision).
 An amendment to any article may have the effect of changing several articles or sections of the constitution, if all are germane to a single controlling purpose.
[Court's emphasis.]
Missourians to Protect the Initiative Process v. Blunt,supra, 799 S.W.2d at 830-831. See also Moore v. Brown,165 S.W.2d 657, 662 (Mo. banc 1942) ("one constitutional amendment may change several articles or sections of a Constitution if all these changes are germane to a single controlling purpose.")
 Ultimately each proposal to amend the constitution must turn on the particular language and the subject matter involved.
Missourians to Protect the Initiative Process v. Blunt,supra, 799 S.W.2d at 831. The Court identified certain provisions of a petition that warrant special scrutiny when reviewing for multiple subjects.
 The organizational headings of the constitution are strong evidence of what those who drafted and adopted the constitution meant by "one subject."
 The fact that a single initiative petition amending one article has the effect of amending more than one article of the constitution does not render the proposal per se in violation of the multiple subject prohibition; however, a proposal having such effect is suspect. When a proposal deals with matters that were previously the subject of an article other than the one being amended, the Court must scrutinize the proposal to see if all matters included relate to a readily identifiable and reasonably narrow central purpose.
Id., 799 S.W.2d at 831.
 3. Should the Secretary of State seek a legal opinion from the Attorney General in determining whether an initiative petition has more than one subject matter?
As stated in response to your first question, the Missouri Supreme Court concluded that the Secretary of State is required by Section 116.120, RSMo Supp. 1990, to determine whether a proposal contains multiple subjects. While Section 116.332, RSMo 1986, specifically requires the Secretary of State to submit a copy of a petition sample sheet to the Attorney General for review as to form and Section 116.334, RSMo 1986, requires the Secretary of State to submit the ballot title to the Attorney General for review, Section 116.120, RSMo Supp. 1990, does not provide for review by the Attorney General.
Therefore, we conclude the Secretary of State is not required by Section 116.120, RSMo Supp. 1990, or by Missouriansto Protect the Initiative Process v. Blunt, supra, to seek a legal opinion from the Attorney General in determining whether an initiative petition has more than one subject matter.
CONCLUSION
It is the opinion of this office that (1) as required by Section 116.120, RSMo Supp. 1990, and Missourians to Protectthe Initiative Process v. Blunt, 799 S.W.2d 824 (Mo. banc 1990), the Secretary of State shall determine whether an initiative petition has more than one subject in violation of Article III, Section 50 of the Missouri Constitution at the time of review after signatures have been collected, (2) in determining whether an initiative petition has multiple subjects, the Secretary of State shall be guided by the Court's discussion in Missourians to Protect the Initiative Process v.Blunt, supra, and (3) the Secretary of State is not required by Section 116.120, RSMo Supp. 1990, or by Missourians toProtect the Initiative Process v. Blunt, supra, to seek a legal opinion from the Attorney General in determining whether an initiative petition has more than one subject matter.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Further support for this conclusion is found in the Court's determination that "Section 116.190 does not authorize a review as to whether the constitutional prerequisites have been met. The legislature has provided another remedy, and that remedy is found under § 116.200." Missourians to Protect theInitiative Process v. Blunt, supra, 799 S.W.2d at 829. Section116.190, RSMo 1986, addresses the earlier stage of review by the Secretary of State and requires that an action to challenge an official ballot title "must be brought within ten days after the official ballot title is provided or the fiscal note and fiscal note summary are provided to the secretary of state in accordance with sections 116.160, 116.170 and 116.334." Section116.200, RSMo 1986, addresses the later review by the Secretary of State when signatures are submitted, and it provides in part: "After the secretary of state certifies a petition as sufficient or insufficient, any citizen may apply to the circuit court of Cole County to compel him to reverse his decision. The action must be brought within ten days after the certification is made. . . ."